1  GREGORY W. KOEHLER
   ATTORNEY AT LAW, CBN 171208
2  937 South Coast Highway 101
   Suite 208
3  Encinitas, California 92024

4  Telephone (760) 633-1803 / Facsimile 760 633-3349

5  Attorney for Defendant: Backyard X-Scapes, Inc., a California corporation

6

7

8                UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 | OASIS PRODUCTS, INC., a            )   CASE: '08 CV 1071 BEN POR
   | California corporation,            )
12 |                                    )
   | plaintiff,                         )   ANSWER OF DEFENDANT BACKYARD
13 |                                    )   X-SCAPES, INC. TO PLAINTIFF'S
   |       vs.                          )   COMPLAINT AND DEMAND FOR
14 |                                    )   JURY TRIAL
   | BACKYARD X-SCAPES, INC., a         )
15 | California corporation; and DOES   )
   | 1 through 10, inclusive,           )
16 |                                    )
   | Defendants.                        )
17 | ---------------------------------------

18        Defendant, BACKYARD X-SCAPES, INC., for themselves and themselves alone

19 (hereinafter "Defendant"), answers OASIS PRODUCTS, INC. (hereinafter "plaintiff") Complaint as

20 set forth below:

21        1.      In response to Paragraph 1 of the Complaint, Defendant admits that plaintiff has

22 initiated a lawsuit against Defendant, however Paragraph 1 contains legal conclusions and legal

23 argument that Defendant is not required to admit or deny. Except as so expressly admitted and with

24 regard to any and all remaining allegations in Paragraph 1, Defendant denies each and every

25 allegation contained therein.

26        2.      In response to Paragraph 2 of the Complaint, paragraph 2 contains legal conclusions and

27 legal argument that Defendant is not required to admit or deny. To the extent that a response is

28 necessary, Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

                                                    1

3. In response to Paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the status of plaintiff or the correctness of any address. Defendant, in response to the balance of paragraph 3 of the Complaint, has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Defendant admits they are a California corporation, but as to the balance of paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the remaining items therein and based on that lack of information or belief, denies generally and specifically each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

6. In response to Paragraph 6 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

///

///

10. In response to Paragraph 10 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the paragraph 12 and, based on that ground, denies generally and specifically each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, paragraph 13 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff has been assigned a copyright, and on that basis denies them. Defendant denies each and every other averment contained in paragraph 13.

14. In response to Paragraph 14 of the Complaint, paragraph 14 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, paragraph 15 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, paragraph 16 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff claims therein, and on that basis denies them. Defendant denies each and every other averment contained in paragraph 16.

17. In response to Paragraph 17 of the Complaint, paragraph 17 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

18. In response to Paragraph 18 of the Complaint, paragraph 18 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

19. In response to Paragraph 19 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein

20. In response to Paragraph 20 of the Complaint, paragraph 20 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20, and on that basis denies them.

21. In response to Paragraph 21 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, paragraph 22 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff's claims for relief are barred or limited by the applicable statutes of limitations [17 U.S.C. §507(b)].

///

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff's claims are barred, in whole or in part, because plaintiff has not suffered, and will not suffer irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff has failed to state a claim entitling them to attorney's fees. In the alternative, to the extent that plaintiff is entitled to recovery attorney's fees and costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the actions taken by it, or anyone acting on its behalf, if any, with respect to the conditions of any sale of product in question, were for lawful and legitimate business reasons.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint fails to state facts sufficient to set forth a claim for the prayed-for relief requested.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiff lacks standing to pursue their alleged claims.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that it fulfilled any obligation it may have had to plaintiff.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff failed to mitigate their damages.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff has failed to allege special damages, or any damages, with the requisite specificity.

ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by their own negligence, misfeasance and/or malfeasance and, therefore, any remedy or recovery to which plaintiff might have otherwise been entitled must be denied or reduced accordingly.

TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred in that, at all relevant times, Defendant acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred by the doctrine of estoppel.

FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, if any losses were in fact suffered by plaintiff, it was proximately caused by factors other than any act or omission of Defendant.

FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff's claims in equity are barred, in whole or in part, because plaintiff's legal remedies are adequate.

SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff's claims lack subject matter jurisdiction in this court.

SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff's claims must fail due to lack of personal jurisdiction over this Defendant.

EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff abandoned any alleged copyright it may have had.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff has misused any copyright it may have had.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff's claims lack any form of enforcement against this Defendant due to the doctrine of fair use.

### TWENTY FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff's allegations are for aspects that are merely similar in any of the products alleged in the Complaint.

### TWENTY SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges plaintiff does not hold an exclusive right to their copyrighted items as set forth in the Complaint.

### TWENTY THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred by the doctrine of unclean hands.

### ADDITIONAL AFFIRMATIVE DEFENSES

This answering Defendant currently has insufficient information upon to rely to form beliefs as to the existence of additional, as yet, unstated, affirmative defenses, and therefore reserve the right to assert additional affirmative defenses in the event discovery discloses their existence.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, as well as the Seventh Amendment of the Unites States Constitution, Defendant hereby demands a trial by jury in the above entitled action.

///
///
///
///
///

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That plaintiff take nothing by reason of the Complaint in whole or in part;

2. That judgment be entered on the Complaint in favor of Defendant and against plaintiff, and that the complaint be dismissed with prejudice, in whole or in part;

3. That Defendant be awarded its attorney's fees and costs of suit incurred herein; and imposed against plaintiff and/or their attorneys.

4. For such other and further relief as the Court may deem just and proper.

Dated: July 8, 2008          The Law Office of Gregory Koehler

By:    */s/ Gregory Koehler*
Gregory W. Koehler
attorney for Defendant Backyard X-Scapes, Inc.
[email: calif1attorney@yahoo.com]